Citation Nr: 1528192 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 10-33 565 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, 
the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for an eye disorder, inclusive of diabetic retinopathy, hypertensive retinopathy, refractive error, left eye pterygium, dry eyes, and senile cataract(s), to include as secondary to service-connected diabetes mellitus (DM). 


ATTORNEY FOR THE BOARD

A. Lech, Associate Counsel


INTRODUCTION

The Veteran had active service from December 1965 to September 1967.

This matter comes before the Board of Veterans' Appeals (Board) from a March 2009 rating decision of the San Juan, Commonwealth of Puerto Rico Regional Office (RO) of the Department of Veterans Affairs (VA).

This case was previously before the Board in January 2013, April 2014, and November 2014, when it was remanded for additional development.

In his August 2010 appeal to the Board, the Veteran requested that a hearing be scheduled in connection with his appeal. In a November 2010 communication, he stated that he no longer wished to have a hearing. Therefore, his hearing request is deemed to have been withdrawn.


FINDING OF FACT

The Veteran's eye disorders are not etiologically related to his active duty, or to his service-connected diabetes mellitus. 


CONCLUSION OF LAW

The criteria for service connection for an eye disorder are not met. 38 U.S.C.A. §§ 1110, 1507 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.309, 3.310 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran asserts that his multiple eye disorders are either the direct result of his active service, or the result of his service-connected diabetes mellitus, type II. 

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. While the Board must provide reasons and bases supporting this decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on his behalf. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000) (Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence of record. The Veteran should not assume that the Board has overlooked pieces of evidence that are not explicitly discussed in this decision. Timberlake v. Gober, 14 Vet. App. 122 (2000).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the Veteran. Equal weight is not accorded to each piece of evidence contained in the record. Every item of evidence does not have the same probative value. When the evidence is assembled, the Board is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Service connection may be granted for any current disability that is the result of a disease contracted or an injury sustained in the line of duty during active military service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303(a) (2014). Service connection may be granted for a disease diagnosed after discharge, when the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d) (2014).

Service connection is also warranted for a disability which is aggravated by, proximately due to, or the result of a service-connected disease or injury. 38 C.F.R. § 3.310 (2014).

The elements of a valid claim for direct service connection are: (1) competent and credible evidence of a current disability; (2) competent and credible evidence of 
in-service incurrence or aggravation of a relevant disease or an injury; and (3) competent and credible evidence of a relationship or correlation between the disease or injury in service and the current disability - which is the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Regarding direct service connection, where a chronic disease is shown during service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. Continuity of symptomatology is required where the condition noted during service is not shown to be chronic, or where the diagnosis of chronicity may be legitimately questioned. In these latter circumstances, a showing of continuity of symptomatology since service is required to support the claim. 38 C.F.R. § 3.303(b) (2014). However, the United States Court of Appeals for the Federal Circuit (Federal Circuit Court) clarified in Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013), that the availability of continuity of symptomatology as a principle to substantiate service connection is limited to where involving those specific diseases denoted as "chronic" (and for which presumptive service connection is otherwise available) under 38 C.F.R. § 3.309(a). 

This theory is inapplicable here as the Veteran himself has stated that his eye disorders began after he was diagnosed with diabetes (2006). He has not claimed that he has had a continuous eye disorder since active service. 

When there is an approximate balance of positive and negative evidence regarding a material issue, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b) (West 2014); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); see 38 C.F.R. §§ 3.102 (2014). If the Board determines that the preponderance of the evidence is against the claim, it has necessarily found that the evidence is not in approximate balance, and the benefit of the doubt rule is not applicable. Ortiz, 274 F.3d at 1365.

The Veteran's service treatment records (STRs), including his December 1965 entrance examination and September 1967 separation examination, are silent for the diagnosis or treatment of eye or visual disorders. 

The Veteran underwent several VA examinations to determine the etiology of his eye disorders. 

The January 2009 VA resulted in a diagnosis of refractive error, left eye pterygium, mild dry eyes, bilateral senile cataracts, and grade 2 hypertensive retinopathy. The examiner noted that no diabetic retinopathy was observed. The examiner opined that the Veteran's loss of vision was caused by his refractive error and his symptoms by the mild dry eyes, and that the loss of vision, including cataracts, were not caused by diabetes mellitus, type II. 

The May 2014 VA examiner diagnosed the Veteran with nasal pterygium of the left eye, nuclear sclerosis of both eyes, and hypertensive retinopathy. The Veteran had no ocular complaints except that he needed his glasses changed because they were old. The examiner reported that the Veteran had chronic grade 2 hypertensive retinopathy that did not cause him any visual impairment or constriction of the visual field, was not related to service, and was not related to diabetes. The examiner opined that the Veteran did not have diabetic retinopathy or visual impairment related to DM, and that his DM did not cause constriction of the visual field. The examiner also opined that the Veteran's right eye pterygium was not causing him a visual impairment and was not related to the visual field constriction or DM. The examiner opined that the bilateral nuclear sclerosis cataracts did not cause the Veteran any visual impairment or visual field contraction, finding that the nuclear sclerosis cataracts were senile in nature and not related to the service-connected DM. In short, the examiner opined that none of the Veteran's eye disorders were related to his active service, or to any service-connected disabilities. 

A January 2015 addendum to the May 2014 VA examination reiterated that the Veteran's eye disorders were not related to his active service or to his diabetes. 

The Veteran's private and VA treatment records do not show any opinions as to the etiology of his eye disorders. The only record which has mentioned it is a private doctor's note, which communicated to VA that Veteran should see a specialist for his eye disorders to ascertain whether they were related to his diabetes. 

In sum, none of the treatment records, private or VA, attributed the Veteran's eye disorders to his active service, or to his service-connected DM. 

The Board acknowledges that the Veteran has stated that his eye disorders are the result of his diabetes mellitus. However, the Veteran lacks the competence to diagnose any eye disorders which he experiences, or opine as to their etiology. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Barr v. Nicholson, 21 Vet. App. 303, 310 (2007); and 38 C.F.R. § 3.159(a)(2) (2014). Assessment of an eye disorder diagnosis requires an evaluation by a specialist, and not lay observation. It follows that the Veteran is not competent to assert that he experiences eye disorders which are related to his service, or any service-connected disabilities. A specific eye disorder is not diagnosed by unique and readily identifiable features and does not involve a simple identification that a layperson is competent to make. As alluded to, the determination of both the diagnosis and etiology of eye disorders must be made by a medical professional. This requires medical expertise that the Veteran does not possess, such that the Veteran is not competent in that regard. Therefore, the Veteran's unsubstantiated statements regarding a purported etiology of his eye disorders are found to lack competency. Moreover, the Board finds that the medical evidence against the claim, and it probatively outweighs the Veteran's unsubstantiated lay testimony to the contrary. 

For the foregoing reasons, the claim of entitlement to service connection for an eye disorder must be denied. The criteria for entitlement to service connection for the claimed disability have not been established, either through medical or lay evidence. In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2014); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). As such, the appeal is denied.

VA Duty to Notify and Assist

The Board has given consideration to the Veterans Claims Assistance Act of 2000 (VCAA), which includes an enhanced duty on the part of VA to notify a Veteran of the information and evidence necessary to substantiate claims for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). The VCAA also redefines the obligations of VA with respect to its statutory duty to assist Veterans in the development of their claims. 38 U.S.C.A. §§ 5103, 5103A (West 2014).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2014); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. This notice must be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

In addition, the notice requirements of the VCAA apply to all five elements of a service-connection claim, including: (1) Veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006). Further, this notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id. at 486. 

In this case, the Veteran was provided notice letters in November 2008, April 2010, September 2010, and January 2013 informing him of both his and VA's obligations. Therefore, additional notice is not required and any defect in notice is not prejudicial. 

With respect to the duty to assist, the Board finds that all necessary assistance has been provided to the Veteran. The Veteran has also been provided with multiple VA examinations. Upon review of this examination reports, the Board observes that the examiners reviewed the Veteran's past medical history, recorded his current complaints and history, conducted appropriate evaluations, and rendered appropriate diagnoses and opinions consistent with the remainder of the evidence of record. The VA examination reports are therefore adequate for the purpose of rendering a decision on appeal. 38 C.F.R. § 4.2 (2014); Barr v. Nicholson, 21 Vet. App. 303 (2007).

In addition, VA must also make reasonable efforts to assist the appellant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claims. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014).

VA's duty to assist includes assisting the claimant in the procurement of service and other relevant records. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014). The RO associated with the claims file the Veteran's service treatment records, service personnel records, private treatment records, and VA treatment records. The Veteran has not identified any relevant records aside from those that are already in evidence. As such, Board concludes that VA has made every reasonable effort to obtain all records relevant to the Veteran's claim.

Hence, no further notice or assistance is required to fulfill VA's duty to assist in the development of the above-cited claims. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).

ORDER

Entitlement to service connection for an eye disorder, inclusive of diabetic retinopathy, hypertensive retinopathy, refractive error, left eye pterygium, dry eyes, and senile cataract(s), to include as secondary to service-connected diabetes mellitus, is denied. 


____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs